IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2011 NOV 30 PM 1:53

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

BRIAN EDMOND BATH,

Plaintiff,

V.

Case No.

'11 – CV – 03117

DYCK O'NEAL,

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendants,

## Plaintiff's Complaint

COMES NOW the Plaintiff, Mr. Brian Edmond Bath, (hereafter "Mr. Bath") by counsel, and for his complaint against the Defendant(s) alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (Federal Fair Credit Reporting Act), 15 U.S.C. § 1692 et seq. (Fair Debt Collection Practices Act) and for the common law tort of defamation.

2. The jurisdiction of this court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. 1367.

3. Mr. Bath is a natural person residing in Douglas County in the State of Colorado.

4. Mr. Bath's claims arise from violations which occurred in or around December 2010.

5. Upon information and belief, Defendant, Experian Information Solutions, Inc., (hereafter "Experian") is incorporated under the laws of Ohio and regularly conducts business in Colorado.

6. Upon information and belief, Experian is a "consumer reporting agency" under 15 U.S.C. § 1681a (f).

7. Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning Colorado consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a (d) to third parties.

8. Upon information and belief, Defendant Dyck O'Neal, Inc., (hereafter "O'Neal") is incorporated under the laws of Texas and regularly conducts business in Colorado.

9. Upon information and belief, O'Neal is a debt collector under 15 U.S.C. § 1692a.

10. Upon information and belief, O'Neal uses instrumentalities of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. On information and belief, Experian offers services to Dyck O'Neal, which included but is not limited to customer acquisition, fraud management, risk management, and debt recovery.

12. Mr. Bath requests a trial by jury.

## FACTUAL ALLEGATIONS

13. On or about December 7, 2010, Mr. Bath sent written notice to O'Neal disputing the reporting of inaccurate negative credit information on Mr. Bath's credit report. (Attachment 1)

14. On or about December 7, 2010, Mr. Bath sent written notice to Experian disputing the reporting of O'Neal inaccurate negative credit information on Mr. Bath's credit report. (Attachment 2)

15. On or About January 22, 2011, Mr. Bath contacted O'Neal by phone and spoke with an unknown O'Neal employee 1 (hereinafter "Employee 1") to request O'Neal remove the inaccurate information per his prior written request to Experian and O'Neal. (Attachment 3 and 4).

16. Mr. Bath places the call to Employee 1 via speaker phone, with a witness present, Nancy E McCoy. (Attachment 3 and 4).

17. During the telephone conversation, Employee 1 confirmed the record of the debt was removed from O'Neal's files. (Attachment 3 and 4)

18. Mr. Bath had a witness, Nancy E. McCoy, to the January 22, 2011 conversation with O'Neal Employee 1 confirmed O'Neal had removed the inaccurate information from their system. (Attachment 3 and 4)

19. On information and belief, the only known records of how O'Neal kept reporting inaccurate credit information to Experian after removal of said inaccurate credit information from their records systems are in O'Neal exclusive control.

20. On or about February 16, 2011, Mr. Bath sent written Notice and Declaration of Fraud to O'Neal because Mr. Bath had not taken out a mortgage with Dyck O'Neal. (Attachment 5)

21. On or about February 27, 2011, Mr. Bath again contacted O'Neal via phone and spoke to unknown O'Neal Employee 2 (hereinafter "Employee 2"). (Attachment 3 and 4)

22. Employee 2 confirmed that the record of the debt reported to Mr. Bath credit report was removed from O'Neal's system. (Attachment 3 and 4)

23. Mr. Bath had a witness, Nancy E. McCoy, to the February conversation with O'Neal Employee 2 confirmed O'Neal had removed the inaccurate information from their system. (Attachment 3 and 4)

24. On information and belief the only known audio recording of the February 2011 conversation is in O'Neal exclusive control.

25. Mr. Bath received a letter from O'Neal dated May 12, 2011, O'Neal reported the debt with $ 95,149.03 past due as of May 12, 2011. (Attachment 5)6

26. On information and belief the only known audio recording of the February 2011 conversation is in O'Neal exclusive control.

27. Mr. Bath had a witness, Nancy E. McCoy, to the February conversation with O'Neal Employee 2 confirmed O'Neal had removed the inaccurate information from their system. (Attachment 3 and 4)

28. O'Neal still reports the removed inaccurate negative information on Mr. Bath's credit report despite O'Neal removing the inaccurate information as of January 2011 from their file(s) on Mr. Bath.

## EXPERIAN

29. Experian has violated the Fair Credit Reporting Act by failing to use reasonable procedures to assure the maximum possible accuracy of the consumer report pertaining to Mr. Bath.

30. Mr. Bath's Experian credit report still contains inaccurate information.

31. Allowing inaccurate information from O'Neal to appear on Mr. Bath's credit report for a year manifest that there are not reasonable procedures to assure the maximum possible accuracy of the consumer credit report.

32. On information and belief, Defendant Experian maintains two types of files on Mr. Bath, a public and a private file(s).

33. On information and belief, the public and private files contain unique and different credit information this is used to formulate a credit score for Mr. Bath.

34. On information and belief, Experian uses a mathematical type formula along with information in the private and public files to formulate a credit score.

35. Mr. Bath requires both set of files and the mathematical type formula in order to assess the full harm caused by the Defendant(s).

36. Experian has violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information by Mr. Bath was inaccurate, record the legal status of the disputed information, and delete the item from Mr. Bath's file.

37. Experian failed to include a statement in Mr. Bath's credit report that Mr. Bath was disputing the reporting by O'Neal.

38. Experian was at least negligent because Mr. Bath's credit report still contains the inaccurate negative information even though O'Neal has no record of the account.

39. Mr. Bath has been denied full access to the records before filing ligation therefore Mr. Bath reserves the right to amend his complaint.

## O'Neal

40. Mr. Bath's claims arise from O'Neal rightly removing the inaccurate information from their system in or around January 2011, but O'Neal failing to stop reporting the removed inaccurate negative credit information on Mr. Bath's subsequent credit reports.

41. O'Neal violated 15 U.S.C. § 16922 (2) (A) by misrepresenting the legal status of the debt beginning around January 2011 because O'Neal did not have an interest in the debt yet claimed to Experian to have a right to report inaccurate information.

42. In the alternative, O'Neal violated 15 U.S.C. § 1692e (2) (A) by misrepresenting the legal status of the debt beginning around January 2011, when O'Neal Employee 1 stated O'Neal did not have records showing an interest in the debt when they actually did have records.

43. In the alternative, O'Neal violated 15 U.S.C. § 1692e (2) (A) by misrepresenting the legal status of the debt beginning around February 2011, when O'Neal Employee 2 stated O'Neal did not have records showing an interest in the debt when they actually did have records.

44. O'Neal violated 15 U.S.C. § 1692e (8) by communicating to any person credit information which is known or which should have be known to be false beginning around January 2011 because O'Neal did not have any records showing any interest in the debt.

45. In the alternative, O'Neal violated 15 U.S.C. § 1692e (8) by communicating to any person credit information which is known or which should have be known to be false beginning around January 2011 because O'Neal Employee 1 and 2 stated O'Neal does not have any records showing any interest in the debt.

46. In the alternative, O'Neal violated 15 U.S.C. § 1692e (8) by reporting the inaccurate information which was confirmed as being removed from O'Neal's files by two (2) O'Neal employees as of January 2011.

47. Defendant O'Neal has defamed Mr. Bath by adversely impacting his standing and reputation by inaccurately reporting negative credit information.

48. On information and belief, O'Neal records show the steps O'Neal took in order to keep reporting inaccurate credit information after removing the information from their records systems in violations of 15 U.S.C. § 1681 S - 2 (a).

49. Mr. Bath's files are in exclusive control of O'Neal and Mr. Bath has been denied full access to the records before filing ligation.

50. Therefore Mr. Bath reserves the right to amend this complaint.

> WHEREFORE, Mr. Bath respectfully requests the following:
>
> a) A monetary award of actual damages in an amount exceeding $60,000;
>
> b) An award of statutory damages to be determined;
>
> c) And Punitive damages in an amount exceeding $100,000;
>
> d) Order Experian and O'Neal to repair Mr. Bath's credit score;
>
> e) Order Experian to reissue an updated credit report to all parties to which report is issued;
>
> f) An award of the costs of suit and reasonable attorney fees as permitted;
>
> g) And other such relief as this honorable Court deem just and proper.

Respectfully Submitted,

s/ Brian Edmond Bath

*[signature: brian e bath]*

Brian Edmond Bath, Pro Se

Office of Brian Edmond Bath
8547 East Arapahoe Road
Suite J - 129
Greenwood Village, Colorado 80112
303-517-1360
thetwomisfits@gmail.com

## Certificate of Service

I, Brian Edmond Bath, hereby certify that on November   , 2011, I used a process server to serve the above motion titled "Complaint" with attachments on the following parties.

Dyck O'Neal
Register Agent:
Heckenbach Thompson Suazo & Dave LLP
7400 E. Orchard Rd., Suite 3025N,
Greenwood Village, CO 80111

EXPERIAN INFORMATION SOLUTIONS, INC.

Registered Agent:
The Corporation Company
1675 Broadway; # 1200
Denver, Colorado  80202

Respectfully Submitted,

s/ Brian Edmond Bath

*brian e bath*
Brian Edmond Bath, Pro Se

Office of Brian Edmond Bath
8547 East Arapahoe Road
Suite j - 129
Greenwood Village, Colorado 80112
303-517-1360
thetwomisfits@gmail.com

07 December 2010

Brian Edmond Bath
9227 E Lincoln Avenue
# 200 – 425
Lone Tree, CO 80124-9998
303-517-1360

Cert mail: 7009 0820 0002 3316 7323

DYCK O'NEAL INC
15301 SPECTRUM DRIVE
ADDISON, TX 75001

Dear Sirs:

I recently pulled my credit report and found your company listed in them indicating I owe you some money.
I've never heard of DYCK O'NEAL INC name before.

I have never bought any merchandise whatsoever from your firm nor to the best of my knowledge and belief have they ever performed any service for me of any kind whatsoever.

I would like to resolve this matter at the earliest possible time, however due to the possibility of error or fraud in this matter, I must insist that you prove that I owe you this purported debt and why.

<u>In order to prove the debt, I must have a signed and sworn statement before notary public under penalty of perjury by a person having firsthand knowledge of the indebtedness and stating that the reported indebtedness was a legal indebtedness under all applicable state and federal laws, was not subsequently disputed as a result of returned, faulty, or recalled consumer products, and furthermore swearing that this purported debt is not now nor ever has been part of any tax write off scheme nor Insurance claim.</u>

Please be advised that I am requesting validation and competent evidence that I had some contractual obligation sans consumer protection encumbrance whereby I incurred the original claims associated with this purported debt.

Please be advised that under the Fair Debt Collection Practices Act, I am authorized to demand that you not contact me by telephone nor at my place of employment by any means whatsoever. If you wish to communicate with me, you may do so only by U.S. mail and only at my place of residence.

Your failure to provide such information as I request in a timely manner may constitute prima facie evidence of intent to defraud, intimidate or coerce me and to deprive me of my civil rights.

Please be advised that any contact made by your firm with any 3rd party firm or entity regarding this issue absent compliance with each and every part of this demand for validation may constitute violation of the FDCPA and the FCRA and may constitute grounds for civil or criminal action or complaints being filed against you. I do hope that you can understand and that we can settle this matter in an amicable fashion at the earliest possible moment.

Sincerely,


Brian Edmond Bath,
   All Rights Reserved


**WITNESSES:** I declare that Brian E Bath, is personally known to me and or proved to me on the basis of convincing evidence to be principal that he signed and acknowledged this letter in my presence, or he appears to be sound mind and under no duress or undue influence.

By: _____
                    (Witness)

Cc: file

Attachment 1

3 of 3

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Jori O'Neal<br>1731 Gilpin St.<br>Denver, CO 80218 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7009 0820 0002 3316 7323 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ .44 |
| Certified Fee | 2.80 |
| Return Receipt Fee (Endorsement Required) | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.54 |

Postmark Here

Sent To: Dyck O'Neal
Street, Apt. No.; or PO Box No. 1731 Gilpin St
City, State, ZIP+4 Denver, CO 80218

PS Form 3800, August 2006    See Reverse for Instructions

7009 0820 0002 3316 7323

Attachment 2

Office of BRIAN E BATH
9227 E Lincoln Avenue
Suite 200 - 425
Lone Tree, Colorado
[80124-9998]
303-517-1360

07 December 2010

EXPERIAN
Attention: Dispute Dept.
701 Experian Parkway
P O Box 2002
Allen, Texas
U.S.A. [75013-9998]

AFFIDAVIT
LETTER OF DISPUTE

Regarding: Account **DYCK O'NEAL INC**

Sirs:

This is a letter of dispute.

I recently pulled my credit report and found the following accounts reporting derogatory information in my account.

Partial account # 14540xxxx

I do not recall ever having this account and dispute this.

Sincerely,

By: _Brian E Bath_
Brian E Bath, All rights reserved

**WITNESSES:** I declare that Brian E Bath, is personally known to me and or proved to me on the basis of convincing evidence to be principal that he signed and acknowledged this letter in my presence, or he appears to be sound mind and under no duress or undue influence.

By: _____
(Witness)

Cc: file

Attachment 2    2 of 2



Attachment 3

## AFFIDAVIT

COUNTY OF ARAPAHOE    )
                                              )    ss:
STATE OF COLORADO    )

I, Brian E Bath, after being sworn hereby state:

I did not apply for a loan with Dyck O'Neal.

I called Dyck O'Neal on or about January 22, 2011 for the removal of inaccurate information from Dyck O'Neal files.

Dyck O'Neal representative 1 confirmed the record of debt reported on my credit report was removed from their system.

I placed the January call via speaker phone with Nancy E McCoy present and listening.

I called Dyck O'Neal on or about February 27, 2011 because Dyck O'Neal kept reporting the inaccurate information that Employee 1 confirmed was removed from Dyck O'Neal files the prior month.

Dyck O'Neal representative 2 searched for a record of the debt, Dyck O'Neal representative 2 confirmed there was no record in Dyck O'Neal files report.

I placed the February call via speaker phone with Nancy E McCoy present and listening.

I have provided my information to Dyck O'Neal on at least 3 occasions, including before filing suit, but Dyck O'Neal has not provided me with the requested information, showing how Dyck O'Neal acquired an interest in the debt.

*Brian E Bath*
Brian E Bath

Signed and sworn before me on this 28th day of November 2011.

*Linda Woodruff*
Notary Public

SEAL

My Commission Expires 10/7/15

Attachment 4

page 1 of 0

# AFFIDAVIT

COUNTY OF ARAPAHOE  )
                    )  ss:
STATE OF COLORADO   )

I, Nancy E McCoy, after being sworn hereby state:

I was present when Brian E Bath called Dyck O'Neal on or about January 22, 2011 via speaker phone.

Dyck O'Neal representative 1 searched the records system but could not find a record of the debt reported on Mr. Bath's Experian credit report.

I was present when Mr. Bath again called Dyck O'Neal on or about February 27, 2011 via speaker phone.

During the call, Dyck O'Neal representative 2 searched for a record of the debt.

Dyck O'Neal representative 2 could not find a record of the debt reported on Mr. Bath's Experian credit report.

_____
Nancy E McCoy

Signed and sworn before me on this 28th day of November 2011.

_____
Notary Public

SEAL  [Linda Woodruff Notary Public State of Colorado seal]

My Commission Expires 10/7/15

Attachment 5

DECLARATION AND NOTICE OF FRAUD

Lone Tree, Colorado  )
                     ) ss
Arapahoe County      )

Office of Dyck O'Neal
3214 West Park Drive
Arlington, Texas 76013

Attention: occupant of office,

That I, Brian E. Bath, a living breathing man being first duly worn, depose and say and declare by my signature that following facts are true to the best of my knowledge and belief.

1. It is declared that you are a debt collector and that I have never contracted with your company and thus I have no financial obligation to your company.

2. You have purchased a debt from another company and you had no interest in the original debt making your status that of a mere volunteer.

3. The right of subrogation does not arise to one who pays the debt of another as a mere volunteer. This includes attempts at collection by assignment, transfer, or trade.

4. A volunteer, stranger or intermeddler is "one who thrusts himself into a situation on his own initiative, and not one who becomes a party to a transaction upon the urgent petition of a person who is vitally interested, and whose rights would be sacrificed did he not respond to the importunate appeal. *Laffranchini, 39 Nev. 48, 153 P at 252*. Parties may be considered volunteers if, in making a payment, they have no interest of their own to protect, they act without any obligation, legal or moral, and they act without being requested to do so by the personal liable on the original obligation. *Henningsen v. United States Fidelity Guar. Co., 208 U.S. 404, 411 (1908); Smith v. State Sav. & Loan Ass'n, 175 Cal. App. 3d 1092, 223 Cal Rptr. 298, 301 (1986); Norfolk & Dedham Fire Ins. Co. v. Aetna Casualty & Surety Co., 132 Vt. 341, 344,318 A.2d 659, 661 (1974)*.

5. Your company extinguished the debt upon purchase and any attempt to collect or sell the debt is an act of fraud.

6. Know and understand that contacting me again after receipt of this notice without providing procedurally proper verification of the debt constitutes the use of interstate communications in a scheme of fraud by advancing a writing, which you know is false, with the intention that others rely on the written communication to their detriment.

7. You have not produced the account and general ledger statement showing the full accounting of the alleged obligation that you are now attempting to collect as demanded by the FDCPA.

8. You have not provided a copy of a contract between me and Alternative Revenue Systems, Inc.,., thus trying to defraud me of my money and are a party to mail fraud.

9. By reporting to credit agencies anything but "debt is paid in full" you are committing fraud and are open to lawsuit under the FDCPA.

You have 10 days upon receipt to respond to this notice of fraud. If you do not respond within the 10 days you agree that this declaration is true and you will report debt as "paid in full" and that no money is owed to ??????

THAT, this declaration if not rebutted by any man, representing Alternative Revenue Systems, Inc.,. at any level, in any matter, at any time within 10 days upon receipt, these facts stand as true in both private and public record.

NOTE; Maxim of Law; 1. In Commerce – Truth is sovereign. 2. For a matter to be resolved, it must be expressed. Point of Law – Silence equates to agreement.

Govern Yourself Accordingly,

Done this 16 day of February 2011 A.D.

By: _Brian E. Bath_
Brian E. Bath: Executor

ACKNOWLEDGEMENT SUBSCRIBED TO AND SWORN before me on this 16th day of February, A.D. 2011, a Notary that Brian E. Bath, personally appeared and know to me to be the man whose name subscribed to the within instrument and acknowledged to be the same.

(Seal)

My Commission expires: 1/2015

NANCY McCOY
NOTARY PUBLIC
STATE OF COLORADO

Attachment 6



May 12, 2011

Brian Bath
9227 E Lincoln Ave Suite 200 PB 425
Littleton, CO 80124

Re: Dyck O'Neal, Inc. # 145400001

Dear Mr. Bath:

Enclosed are copies of the documents supporting the debt owed to Dyck O'Neal, Inc. A review of the file indicates this debt was a home equity line of credit for the property located at 505 Diamond Drive, Hudson, WI 54016. Records also show that the first foreclosed on the property and the foreclosure bid amount at the sale was not sufficient to payoff the mortgage note(s).

You are responsible for the balance remaining on the second note.

The amount as of the date of this letter, which includes principal, interest and fees (if applicable), is:
Calculation of amount owing:
Unpaid Principal Balance Amount          $ 73,400.25
Interest          10/20/06 to 5/12/11          $ 21,748.78
Amount owing as of   5/12/11          $ 95,149.03

Please contact us to discuss the resolution of this matter.

Sincerely,

Dyck O'Neal, Inc.
Verification Department

NOTE: This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Colorado in-state location is 7400 E Orchard Rd, Ste 3025N, Greenwood Village, CO 80111

Addison Location
15301 Spectrum Dr. Ste 450
Addison, Texas 75001
972-661-3744
Fax 972-661-3748

Mailing Address
PO Box 13370
Arlington, Texas 76094
Toll Free 800-447-2481

Arlington Location
3214 W Park Row Dr.
Arlington, Texas 76013
817-588-6450
Fax 817-588-6477

www.dyckoneal.com