IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03117-PAB-MJW

BRIAN EDMOND BATH,

Plaintiff,

v.

DYCK O'NEAL and
EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendants.

---

## RECOMMENDATION THAT THIS
## CASE BE DISMISSED WITH PREJUDICE BASED UPON THE PLAINTIFF'S
## FAILURE TO APPEAR AND FAILURE TO COMPLY WITH COURT ORDERS

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge Philip A. Brimmer on December 21, 2011. (Docket No. 15).

In an Order Setting Scheduling/Planning Conference filed on December 29, 2011 (Docket No. 18), this court set a Rule 16 Scheduling/Planning Conference for February 23, 2012, at 2:00 p.m.  In that Order, this court directed the parties to hold a pre-scheduling conference meeting and prepare a proposed Scheduling Order, which was to be submitted to the court no later than five days prior to the conference.  In addition, the parties were directed to submit a brief Confidential Settlement Statement to this court no later than five days before the conference.

2

A copy of that Order was sent to the plaintiff at his address of record, and that copy was not returned to the court as undeliverable by the U.S. Postal Service.  In addition, defense counsel advised that plaintiff did not participate in the preparation of the Proposed Scheduling Order.

Despite the clear notice contained in the Order, plaintiff, who resides locally, failed to appear as directed for the February 23, 2012, Scheduling Conference, failed to participate in the preparation of the Proposed Scheduling Order, and failed to submit a Confidential Settlement Statement as directed.  He did not seek a continuance, nor did he even telephone the court at the time set for the conference.  One defense counsel appeared by telephone, and one appeared in person as directed.

Consequently, this court issued oral and written Orders to Show Cause directing the plaintiff to appear in person on March 1, 2012, at 9:30 a.m. in Courtroom A-502 to show cause why this case should not be dismissed based upon his failure to appear, failure to prosecute, and failure to comply with court orders and why other sanctions should not be imposed, including imposition of the defendant's attorney fees and costs and a finding and order of contempt.  (Docket Nos. 33 and 34).  This court's written Order to Show Cause stated with emphasis added in bold and underscoring, "**plaintiff shall appear in person**."  (Docket No. 34).  The Order to Show Cause and the Courtroom Minutes/Minute Order were mailed to the plaintiff at his address of record, and they were not returned to the court as undeliverable by the U.S. Postal Service.

Nevertheless, once again, plaintiff failed to appear, did not seek a continuance, nor did he even telephone the court at the time set for the hearing.   The weather was

3

clear and sunny at the time set for the hearing. The court even gave plaintiff a grace

period of almost 15 minutes to arrive for the hearing, but he failed to appear. Both

defense counsel appeared by telephone as directed. It appears that the plaintiff does

not have any interest in prosecuting this action.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a
> court order, a defendant may move to dismiss the action or any claim
> against it. Unless the dismissal order states otherwise, a dismissal under
> this subdivision (b) and any dismissal not under this rule–except one for
> lack of jurisdiction, improper venue, or failure to join a party under Rule
> 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Furthermore, Rule 16(f) provides in pertinent part that "[o]n

motion or on its own, the court may issue any just orders, including those authorized by

Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or

other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order."

Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits

the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing
> designated claims or defenses, or from introducing designated
> matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) **treating as contempt of court the failure to obey any order**
> except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that

4

"[i]nstead of or in addition to any other sanction, the court must order the party, its

attorney, or both to pay the reasonable expenses–including attorney's fees–incurred

because of any noncompliance with this rule, unless the noncompliance was

substantially justified or other circumstances make an aware of expenses unjust."  Fed.

R. Civ. P. 16(f)(2).

In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case
> should not be dismissed for lack of prosecution or for failure to comply with
> these rules, the Federal Rules of Civil Procedure, or any court order.  If
> good cause is not shown within the time set in the show cause order, a
> district judge or a magistrate judge exercising consent jurisdiction may
> enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

The court notes that the plaintiff has filed a motion to dismiss the amended

complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(I) with no award of fees

or costs.  (Docket No. 24).  He provides no basis for the relief he seeks.  Both

defendants have filed a response to the plaintiff's motion.  (See Docket Nos. 25 and 28).

Defendant Experian objects to the dismissal without prejudice and seeks a dismissal with

prejudice.  (Docket No. 28).  Experian asserts that

> Plaintiff does not have the right to a voluntary dismissal without
> prejudice under Rule 41(a)(1)(A)(i) because Experian has filed its answer
> to plaintiff's complaint. . . .

> Furthermore, this case is one of three lawsuits that Plaintiff has filed
> against Experian for violations of the provisions of 15 U.S.C. § 1681, *et al.*,
> the Fair Credit Reporting Act (the "FCRA"), among other claims.  (*See*
> Experian's Notice of Related Cases, Doc No. 26).  A dismissal without
> prejudice would unfairly interfere with Experian's right to have prompt
> adjudication of all existing claims between the parties and would
> controvene the interest of judicial economy.  Furthermore, based on
plaintiff's failure to submit a Joint Proposed Scheduling Order, failure to attend the

Scheduling Conference on January 20, 2012, and failure to attend the February 1, 2012 show cause hearing in the *Brian Edmond Bath v. EC Mortgage Corporation et al.* Matter, Experian anticipates that plaintiff's conduct will likely be replicated in this case.

> Here, dismissal without prejudice is not appropriate.  In addition to the reasons stated above, permitting Plaintiff to dismiss his claims without prejudice at this point would delay the proceedings, and require the parties to expend additional and duplicative energy and resources.  Plaintiff's motion suggests that upon dismissal, he will simply refile his baseless claims in state county court.

> Under Fed. R. Civ. P. 41(a)(2), the Court has the power and discretion to dismiss the case with prejudice after giving notice of its intent to do so and allowing plaintiff the opportunity to respond or withdraw the notice of voluntary dismissal. . . .

(Docket No. 28 at 3-4.

The court further notes that the other civil action in this court referenced by

Experian above in which plaintiff was the plaintiff and Experian was one of the

defendants was just last week dismissed with prejudice by Judge Blackburn after the

plaintiff failed to appear for the Scheduling Conference and Show Cause hearing and

failed to comply with court orders.  Bath v. EMC Mortgage Corp. And Experian

Information Solutions, Inc., Civil Action No. 11-cv-01089-REB-MJW (Docket No. 113 in

that action).  Final judgment was entered on February 27, 2012 (Docket No. 114 in that

action).

Based upon the foregoing, it is hereby

**RECOMMENDED** that this case be dismissed with prejudice pursuant to Fed. R.

Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 based upon the plaintiff's repeated

failure to appear and failure to comply with court orders and that plaintiff be directed to

pay the defendants' attorney fees and costs for their appearances at the February 23

and March 1 proceedings at which plaintiff failed to appear.  If this recommendation is

6

accepted, then it is further

**RECOMMENDED** that the pending motions (Docket Nos. 19 and 24) be denied

as moot.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District**

**Judge assigned to the case.  A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy.  The District Judge need**

**not consider frivolous, conclusive, or general objections.  A party's failure to file**

**and serve such written, specific objections waives *de novo* review of the**

**recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985),**

**and also waives appellate review of both factual and legal questions.  <u>Makin v.**

**Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>,**

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Dated:  March 1, 2012                          s/ Michael J. Watanabe
        Denver, Colorado                         Michael J. Watanabe
                                     United States Magistrate Judge